**BAO MING XU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73894.**

United States Court of Appeals, Ninth Circuit.

---

Submitted April 16, 2007.\*

Filed April 18, 2007.

Gerald Karikari, Esq., Fengling Liu, Law Office of Liu Yu, New York, NY, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

## MEMORANDUM \*\*

Bao Ming Xu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ found that Xu was not credible based upon the discrepancy between Xu's airport interview and his subsequent testimony regarding the reason he fled China. While statements given during airport interviews are not always valuable impeachment sources, *see Singh v. INS*, 292 F.3d 1017, 1021–24 (9th Cir.2002), here the interpreter who conducted the airport interview testified at the asylum hearing and the record contains sufficient information about the circumstances under which the interview was conducted to ensure the accuracy and completeness of Xu's statement. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004). Accordingly, the IJ reasonably determined that the airport interview statement was a reliable impeachment source. *See id.* at 963. Because the inconsistency identified by the IJ goes to

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the heart of Xu's claim, substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Xu cannot meet the lower standard of eligibility for asylum, he has failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Xu's Convention claim is based on the same testimony that was found not credible, and he points to no other evidence that the IJ should have considered in making the Convention determination, thus his Convention claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**